*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* N. L. RIPTON, Minor.

UNPUBLISHED
September 15, 2022

No. 359175
Oakland Circuit Court
Family Division
LC No. 2019-872005-NA

Before: CAVANAGH, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j).[1] On appeal, respondent argues that the trial court erred by finding that termination of her parental rights was in the child's best interests. We affirm.

The child was removed from respondent's care in 2019, shortly after the child's birth.[2] The child suffered withdrawal symptoms as a result of respondent's admitted use of cocaine and opiates while she was pregnant. The child was placed in a foster home, where she remained during most of the proceedings until she was returned to her father's care. Respondent entered a no-contest plea to the allegations in the petition and the trial court exercised temporary jurisdiction over the child. A parent-agency treatment plan was entered, which included parenting classes, drug screening, a release of information, substance abuse assessment and treatment, suitable housing and employment, a psychological evaluation, Infant Mental Health services, supervised parenting time, individual therapy, and maintaining contact with the worker. In November 2020, petitioner filed a supplemental petition seeking termination of respondent's parental rights because of

---

[1] The child's father also became a respondent in the proceedings below, but his parental rights to the child were not terminated and the child was returned to his care. The father is not involved in this appeal.

[2] The child's older brother was also removed from respondent's care and became a temporary court ward, but the trial court terminated its jurisdiction over him when he turned 18 years old. He is not at issue in this appeal.

respondent's lack of progress and failure to benefit from services. After a hearing, the trial court found that clear and convincing evidence supported termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). Following a separate best-interest hearing, the trial court found that termination of respondent's parental rights was in the child's best interests.

On appeal, respondent argues that the trial court clearly erred by finding that termination of her parental rights was in the child's best interests. We disagree.

"The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the child[]'s best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014), citing MCL 712A.19b(5). This Court reviews "for clear error the trial court's determination regarding the child[]'s best interests." *Id*.

"The trial court should weigh all the evidence available to determine the child[]'s best interests." *Id.* The trial court "should consider a wide variety of factors," including: "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality," "the advantages of a foster home over the parent's home[,]" "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the child[]'s well-being while in care, and the possibility of adoption." *Id*. at 713-714 (quotation marks and citations omitted). "[T]he focus at the best-interest stage has always been on the child, not the parent." *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63; 874 NW2d 205 (2015) (quotation marks and citation omitted).

The evidence established that the child did not have a bond with respondent. While respondent argues that she was bonded with the child, she also admits that no bond existed by simultaneously arguing that she did not have a chance to bond with the child. This argument is without merit. Respondent was provided weekly supervised parenting-time visits, but she failed to consistently attend, despite being provided bus passes and gas cards to address her transportation issues. She was also offered parenting-time visits via Zoom during the COVID-19 pandemic. She attended one visit via Zoom and never expressed an inability to use the Zoom platform. She never made sufficient progress with supervised visitation to be offered unsupervised visits. Respondent was afforded an opportunity to bond with the child, but she failed to make an effort to establish a bond.

With regard to parenting ability, Peter Brown, the first foster care worker, testified that respondent was loving and attentive and did not act inappropriately during visits. However, Brown also testified that because the child never lived with respondent, respondent required constant supervision with the child. Brown did not believe that it would be safe for the child to have unsupervised visits with respondent because of respondent's positive drug screens. Moreover, while respondent completed parenting classes, she failed to benefit from them. Accordingly, respondent's lack of parenting ability weighed in favor of termination. The child's need for permanency, respondent's failure to comply with her treatment plan, and respondent's lack of consistent visitation also weighed in favor of termination. In addition, the child was doing well with both her foster family and in the care of her father, and the foster family was willing to adopt

the child if she could not be returned to her father. These factors also weighed in favor of termination.

Contrary to respondent's arguments, her parental rights to the child were not terminated because of poverty or the COVID-19 pandemic. Respondent consistently failed to attend drug screenings, even when she was provided bus passes and gas cards, and before the onset of the COVID-19 pandemic. She also continued to miss drug screens after the testing sites reopened. She similarly missed parenting-time visits, again despite being provided bus passes and gas cards, and even when the visits were held via Zoom. Respondent also claimed to have employment, but she never provided any documentary proof of income. To the extent that respondent did not have necessary items for the child in her home, petitioner would have provided some items to her had she gotten closer to having the child returned to her care. The record establishes that the primary concerns in this case were respondent's failure to attend drug screens, failure to rectify her substance abuse issue, and failure to attend visits. Respondent was provided assistance in those areas to overcome the effects of her poverty and the pandemic, but she failed to make a commensurate effort to participate or benefit from services.

We disagree with respondent's argument that termination of her parental rights was improper because her rights to two older children were not terminated. The trial court dismissed the child's older brother from the petition because he turned 18 years old and respondent's other child was in a guardianship. There was no finding that respondent had the ability to parent either of these children.

Finally, respondent argues that the child will suffer from not knowing her, and the trial court should have granted custody to the father rather than terminate her parental rights. However, the father did not want to file for a custody order and the trial court found that it was unable to require him to seek one. Moreover, the trial court concluded that it was not safe for the child to have a legal relationship with respondent or for respondent to have the ability to attempt to gain custody of her in the future. Given respondent's failure to rectify her substance abuse issue or consistently visit the child, this finding is not clearly erroneous. On the basis of the whole record, the trial court did not clearly err by finding that termination of respondent's parental rights was in the child's best interests.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates

-3-